# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# RALEIGH DIVISION

| | |
|---|---|
| GLORIA CARR,<br>　　　　Plaintiff,<br>v.<br><br>THE UNITED STATES OF AMERICA,<br>LLOYD J. AUSTIN, THE SECRETARY OF DEFENSE AND<br>CHRISTINE WORMUTH, SECRETARY OF THE ARMY,<br>　　　　Defendant. | COMPLAINT<br>(JURY TRIAL DEMANDED) |

**NOW COMES** the Plaintiff, by and through counsel, and alleges the following:

## PARTIES, CAPACITY, JURISDICTION, AND VENUE

1. The Plaintiff, **GLORIA CARR** (hereinafter referred to as "Plaintiff") is a resident of Cumberland County, North Carolina and has been so within the preceding six months.

2. The Plaintiff was employed by the Department of the Army.

3. The Defendant **LLOYD J. AUSTIN**, is Secretary of Defense, an executive department of the United States.

4. That Defendant **CHRISTINE WORMUTH**, is Secretary of the Army, a military department under the laws of the United States of America.

5. The **UNITED STATES** is a Defendant because the Department of the Army is a military department of the Department of Defense under 10 U.S.C. § 101(a)(7), and the Department of Defense is an executive department of the United States under 5 U.S.C. § 101.

6. Defendants will for all intent and purposes be referred to as "The Army" or "Defendant" throughout this Complaint.

7. Plaintiff was an African-American female and a former employee of the Defendant.

8. That the primary acts occurred at Fort Bragg Army Base in Cumberland County, North Carolina.

9. That this is an action for discrimination of the basis of race, sex and reprisal pursuant to 28 U.S.C. § 1331; Title VII of the Civil Rights Act of 1964 as amended in 1991; 42 U.S.C. § 1981a; and 42 U.S.C. § 2000e et seq.

## CONDITIONS PRECEDENT

10. All conditions precedent to jurisdiction under 42 U.S.C. § 2000e-5(f)(3) have occurred or been complied with. On or about February 26, 2020, Plaintiff timely submitted an appeal with the Equal Opportunity Commission (hereinafter "EEOC") pursuant to 29 C.F.R. § 1614.403(a) from The Army's January 16, 2020 final order concerning her equal opportunity (EEO) complaint alleging employment discrimination, retaliation and hostile work environment in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended and 42 U.S.C. § 2000e et seq. On March 11, 2021, the EEOC issued a decision with a ninety (90) day right to file a civil action. The instant action is filed within ninety (90) days of the receipt of the said Notice.

## FACTUAL ALLEGATIONS

11. From January 2015 to April 30, 2016, Plaintiff was subjected to continuous harassment and a hostile work environment based on her race and sex by COL Carol Tschida, Jerry David King, and Scott Kilgore and that they intended to discredit her as an African American supervisor.

12. From January 2015 to present, Mr. King and COL Tschida denied Plaintiff the authority to perform her duties to include hiring authority, authority to approve leave without pay and advance leave with pay, and the authority to approve telework for her employees.

13. During May 2015, Mr. King stated to the Plaintiff that African American Supervisors cannot hire GS-13 African Americans or promote African Americans.

14. On January 3, 2016, the Plaintiff was informed by Ms. Rebecca Fentzke that she (Ms. Fentzke) was reporting everything that was happening in the department to Mr. King in department meetings.

15. On January 3, 2016, Ms. Rebecca Fentzke (Plaintiff's subordinate) informed Plaintiff she, (Ms. Fentzke), would stop reporting everything in staff meetings to Mr. King and COL Tschida. Ms. Fentzke also stated that she would stop providing updates to the 419th Contracting Support Brigade (CSB), without providing the same updates on Military Installation Contracting Command (MICC) Center Bragg procurement actions to Plaintiff.

16. On or about February 25, 2016, in a joint meeting between MICC Center Bragg Director (Plaintiff), her Division Chiefs, and the 419th CSB Deputy (Mr. King), Mr. King informed attendees that he was everyone's supervisor in the meeting and he would not go through the Director (Plaintiff). Mr. King stated that everyone worked for him.

17. On or about February 29, 2016, Ralph Barnes, Plaintiff's subordinate, informed Plaintiff that he asked Mr. King, why Plaintiff was not allowed to perform her job and Mr. King stated the command did not trust the Plaintiff to perform her job, so they pulled Plaintiff's responsibilities to the 419th CSB Commander and Deputy Director's office. Mr. Barnes told Plaintiff that this was racism and that she should hire a lawyer.

18. On March 9, 2016, Mr. King directed the Plaintiff to remove Mr. Dwayne Grant, Contract Specialist, GS-11 02-07, from the Procurement system based on credit issues and denied Plaintiff's request to keep Mr. Grant on the Procurement system although Ms. Precious Clermont, Civilian Personnel Advisory Center, Human Resources Advisor, stated that if the employee is a trusted employee he can remain on the system.

19. On or about March 9, 2016, LTC Trent Locklear and LTC Amanda Flint, Battalion Commander, 900th Contracting Command Battalion, 419th CSB, overheard Mr. King shouting at the Plaintiff. LTC Locklear stated to LTC Flint that Mr. King is yelling at the Plaintiff like she is a dog again.

20. On March 23, 2016, during a peer review with U.S. Army Installation Management Command (IMCOM) and MICC staff members present, Mr. Kilgore and Mr. King accused the Plaintiff of entering in an illegal agreement (an agreement she had no authority over) with IMCOM.

21. On or about April 4, 2016, after the Plaintiff returned from her appointment at the Garrison EEO office, BG Gabbert informed Plaintiff that he was removing her from her position, Supervisory Contract Specialist and Director, NH-1102-04, MICC, Fort Bragg to Procurement Analyst (Technical Director), 419th CSB, Fort Bragg, North Carolina.

22. Plaintiff was forced to retire because she was subjected to a hostile work environment by COL Tschida, Mr. Kilgore, and Mr. King.

23. On April 29, 2016, Plaintiff was retaliated against when BG Gabbert temporarily detailed her from her position as Supervisory Contract Specialist and Director, NH-1102-04, MICC, Fort Bragg to Procurement Analyst (Technical Director), 419th Contracting Support Brigade (CSB), Fort Bragg, North Carolina.

24. During the time at issue, the Plaintiff was employed as a Supervisory Contract Specialist, NH-I I 02-04, and served as the MICC-Center Fort Bragg Director, 419th CSB, U.S. Army Contracting Command (ACC). Mr. King, Deputy Commander, 419th CSB, NH-I 102-04, was Plaintiff's first level supervisor and COL Tschida, Commander, 419th CSB, was Plaintiff's second level supervisor.

7. The Plaintiff's Senior System Civilian Evaluation Report (DA Form 7222) for the period May 2, 2014 through May 16, 2015, essentially duplicates the position duties listed on the Plaintiff's position description (PD) with the noted exception of DA Form 7222 identifying the Plaintiff as working under the general direction of the 419th CSB Deputy to the Commander and Commander. Additionally, the following verbiage is not included on DA Form 7222, "who provides a general outline of overall objectives desired and delegates broad authorities and responsibilities to the incumbent."

8. According to Memorandum, Temporary Detail, dated April 4, 2016, signed by BG Gabbert, effective immediately, the Plaintiff was temporarily detailed from her Supervisory Contract Specialist and Director, MICC-Fort Bragg, NH-1102-04, position to the Procurement Analyst (Technical Director), NH-1102-04, 419th CSB position.

9. According to the memorandum, Mr. King would be Plaintiff's immediate supervisor for the duration of the detail. The length of the detail would end once her reassignment was effective.

## FIRST CAUSE OF ACTION:
## DISCRIMINATION IN VIOLATION OF TITLE VII ON THE BASIS OF RACE AND GENDER

10. Paragraphs 1 through 9 are herein realleged and incorporated by reference.

11. Plaintiff is an African-American female.

12. Plaintiff was qualified for her position as Supervisory Contract Specialist and Director, MICC-Fort Bragg.

13. She had a great history of employment with The Army. She collected numerous commendations and awards during her service of over thirty (30) years to the United States Government.

14. Plaintiff was treated less favorably than other Division Chiefs in the Organization. The other Division Chiefs had delegated authority to approve all contract actions up to $7,000,000.00. However, Plaintiff was required by the 419th leadership to review all of her contracts above $150,000.00.

15. Plaintiff was treated differently than other employees by Mr. King. He appeared to distrust what Plaintiff would say or attempt to do and did not afford her the level of respect and autonomy commensurate with her grade and experience.

16. Mr. King frequently bypassed Plaintiff and went directly to certain division chiefs, often discussing Plaintiff in a less than flattering manner.

17. These types of actions not only undermined her authority among her division chiefs but also made it very difficult for her to get actions approved to enable the Center to operate effectively.

18. Mr. King did not treat the other directors in the same manner.

19. The 419th CSB leadership was prejudiced towards African-American supervisors within the brigade. They alleged that African-American supervisors had a "hook up" culture at MICC Bragg, believing that all African Americans in supervisory positions including Plaintiff, made decisions based on race rather than job performance.

20. Mr. King treated Plaintiff like she was not human. Mr. King further made comments that Plaintiff had a good command of the English language unlike her peers.

21. Plaintiff's combination of race and gender, an African-American female, made her even more of a target by Mr. King.

22. Plaintiff was subjected to adverse treatment by the agency.

23. On April 4, 2016, Plaintiff was removed from her position as Supervisory Contract Specialist and Director, NH-1102-04, MICC, Fort Bragg and demoted to Procurement Analyst (Technical Director), 419th CSB, Fort Bragg, North Carolina.

## SECOND CAUSE OF ACTION: HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

24. Paragraphs 1 through 23 are herein realleged and incorporated by reference.

25. Plaintiff belongs to a protected group and was subject to unwelcome harassment by her supervisors.

26. The harassment was unwelcomed and sufficiently pervasive to affect a privilege of Plaintiff's employment in the following manner:

    a. Her supervisors denied her the authority to perform her duties to include hiring authority, authority to approve leave without pay, advance leave with pay, and telework for her employees;

    b. Mr. King told Plaintiff that African-American supervisors were prevented from hiring GS-13 African-Americans or promoting African Americans;

    c. Ms. Rebecca Fentzke was reporting everything that happened in the department to Mr. King;

    d. Mr. King informed Plaintiff's subordinates that he was everyone's supervisor and not to go through Plaintiff, undermining her authority;

e. Mr. King did not trust Plaintiff to do her job and pulled her responsibilities from her;

   f. Mr. would shout and yell at the Plaintiff like she was a dog;

   g. Mr. King treated Plaintiff like she was not human; and

   h. Mr. King accused the Plaintiff of entering into an illegal agreement with IMCOM.

27. Defendant knew about the harassment but failed to take prompt, corrective action.

28. Defendant's harassment against Plaintiff constitutes gross, wanton, reckless, and/or intentional violations of her rights under Title VII, entitling her to punitive damages.

### THIRD CAUSE OF ACTION: RETALIATION OR REPRISAL

29. The allegations in paragraph 1 through 28 are realleged and incorporated herein by reference.

30. Plaintiff engaged in EEO activity on April 4, 2016 when she had her appointment with the EEO office.

31. The retaliating officials knew of the protected activity in that prior to her appointment, she emailed COL Tschida and Mr. King to let them know she had an EEO appointment that morning. Also, Mr. King acknowledged during the EEO investigation, that he learned on April 1, 2016 that Plaintiff had a scheduled appointment with the EEO office.

32. Subsequently, Plaintiff was subjected to adverse treatment by the agency. Upon returning from her appointment, Mr. King told her she had a meeting with him at 11:30 AM. During that meeting, Mr. King received a call from BG Gabbert. Mr. King gave the phone to Plaintiff and BG Gabbert informed her that he was removing her from her position as Supervisory Contract Specialist and Director, NH-1102-04, MICC, Fort

Bragg to Procurement Analyst (Technical Director), 419th CSB, Fort Bragg, North Carolina.

33. There was a clear nexus exists between the protected activity and the adverse treatment in that she was removed from her position immediately upon returning from her EEO appointment.

## FOURTH CAUSE OF ACTION: CONSTRUCTIVE DISCHARGE

34. The allegations in paragraph 1 through 33 are realleged and incorporated herein by reference.

35. Plaintiff was discriminated against and retaliated against by The Army to the point where she felt compelled to resign.

36. She did in fact resign from her employment by taking early retirement.

37. Plaintiff suffered from health issues (ulcers, high blood pressure, insomnia) as a result of the hostile work environment by the 419th CSB leadership.

38. The physical manifestation of chronic stress and anxiety Plaintiff had endured was observed by other employees.

39. The demotion of Plaintiff would have required her to continue reporting to Mr. King, her harasser which was causing her significant health problems. She was forced to resign from her position as it was causing her health to significantly decline.

WHEREFORE, Plaintiff requests the following prayer for relief against defendants as follows:

1. Compensatory damages including back pay and front pay.
2. Pain and suffering in the maximum amount allowed by law.
3. Punitive damages.

4. Prejudgment interest as provided by law.

5. Post-judgment interest as provided by law.

6. Costs of suit.

7. Attorney's Fees.

8. That all issues of fact be tried by a jury.

9. For such other and further relief to which Plaintiff may justly be entitled.

Respectfully Submitted,

This the 6th day of June, 2021.

/s/ Carena Brantley Lemons
Carena Brantley Lemons
THE LEMONS LAW FIRM, PLLC
1921 North Pointe Drive, Suite 201
Durham, North Carolina 27705
Phone: (919) 688-7799
Fax:    (866) 302-5417
NC Bar State No: 28249
Attorney for Plaintiff
carena@thelemonslawfirm.com

# VERIFICATION

I, **Gloria Carr**, being first duly sworn, deposes and says that I am the Plaintiff in the above action, that I have read and reviewed the foregoing complaint and it is true to the best of my knowledge, except as to those matters which are alleged upon information and belief, and as to those I believe them to be true.

This the 6th of June 2021.

_____
Gloria Carr

Sworn to and Subscribed before me,
This the 6 day of June 2021.

_____
Notary Public

My Commission Expires: 11/01/2025

[Notary Seal: BHAVESH GODHANI, NOTARY PUBLIC, CUMBERLAND COUNTY, NC]