IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-245-D

GLORIA CARR,                        )
                                    )
            Plaintiff,              )
                                    )
    v.                              )      **ORDER**
                                    )
UNITED STATES OF AMERICA,           )
et al.,                             )
                                    )
            Defendants.             )

On June 7, 2021, Gloria Carr ("Carr" or "plaintiff") filed suit against the United States, Secretary of Defense Lloyd J. Austin, and Secretary of the Army Christine E. Wormuth (collectively, "defendants") alleging Title VII claims arising from Carr's employment in the U.S. Army [D.E. 1]. On August 12, 2021, defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) [D.E. 8]. On September 1, 2021, Carr filed an amended complaint [D.E. 10].[1] Carr alleges multiple Title VII violations: (1) race and sex discrimination, (2) hostile work environment, (3) retaliation, and (4) constructive discharge. See id. ¶¶ 29–65. On September 29, 2021, defendants moved to dismiss the amended complaint under Rule 12(b)(6) [D.E. 13] and filed a memorandum in support [D.E. 14]. On October 19, 2021, Carr responded in opposition [D.E. 15]. On November 1, 2021, defendants replied [D.E. 17]. As explained below, the court grants in part defendants' motion to dismiss.

---

[1] In light of Carr's amended complaint, the court denies as moot defendants' motion to dismiss Carr's original complaint [D.E. 8].

I.

The court has considered the motion under the governing standard. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008).

As for Carr's race and sex discrimination claims, the court dismisses the claims. To state a claim for discrimination under Title VII, in part, a plaintiff must plausibly allege a connection between the employer's discriminatory motive and the adverse employment decision. See Univ. of Texas Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 343 (2013); Guessous v. Fairview Property Invs., LLC, 828 F.3d 208, 216–17 (4th Cir. 2016). The motive to discriminate need not be the employer's only motive. See Nassar, 570 U.S. at 343; Guessous, 828 F.3d at 216–17. Carr plausibly alleges that she was a member of a protected class, she was generally qualified for her job, that she received a demotion, and that her supervisor treated her poorly. See, e.g., Am. Compl. ¶¶ 7, 11–28, 32. Carr, however, does not plausibly allege that her supervisor demoted her because of her race or sex and instead alleges facts indicating her supervisor had entirely nondiscriminatory motives. For example, Carr alleges her supervisor thought she had entered an illegal agreement with the U.S. Army Installation Management Command and that her supervisor said he did not trust her to do her job well. See id. ¶¶ 17, 20. Moreover, although Carr alleges her supervisor treated other similarly situated employees differently, she does not allege the race or sex of those employees, foreclosing the inference that the difference in treatment was motivated by discriminatory animus on account of Carr's race and sex. See id. ¶¶ 33–37. Stated differently, viewing the amended complaint in the light most favorable to Carr, Carr's allegations are too vague and conclusory to state an intentional

2

discrimination claim under Title VII. See, e.g., Ali v. BC Architects Eng'rs, PLC, 832 F. App'x 167, 171–72 (4th Cir. 2020) (per curiam) (unpublished); Bing v. Brivo Sys., LLC, 959 F.3d 605, 617–18 (4th Cir. 2020); McCleary-Evans v. Md. Dep't of Transp., State Highway Admin., 780 F.3d 582, 585–86 (4th Cir. 2015). Thus, the court dismisses the claims.

As for Carr's hostile work environment claim, the court dismisses the claim. To state a hostile work environment claim, a plaintiff must plausibly allege, among other elements, unwelcome conduct that is "sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment." Guessous, 828 F.3d at 221 (quotation omitted); see Perkins v. Int'l Paper Co., 936 F.3d 196, 207–08 (4th Cir. 2019); Parker v. Reema Consulting Srvs., Inc., 915 F.3d 297, 302 (4th Cir. 2019); Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 277 (4th Cir. 2015) (en banc); Okoli v. City of Baltimore, 648 F.3d 216, 220 (4th Cir. 2011); EEOC v. Fairbrook Med. Clinic, P.A., 609 F.3d 320, 327 (4th Cir. 2010); Ziskie v. Mineta, 547 F.3d 220, 224 (4th Cir. 2008); Ocheltree v. Scollon Prods., Inc., 335 F.3d 325, 331 (4th Cir. 2003) (en banc). To determine whether the unwelcome conduct was sufficiently severe or pervasive, the court considers the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Okoli, 648 F.3d at 220 (quotation omitted); see Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 270–71 (2001) (per curiam); Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81–82 (1998); Faragher v. City of Boca Raton, 524 U.S. 775, 787–88 (1998); Harris v. Forklift Sys., Inc., 510 U.S. 17, 21–22 (1993); EEOC v. Sunbelt Rentals, Inc., 521 F.3d 306, 314–16 (4th Cir. 2008). The "conduct must be extreme." Faragher, 524 U.S. at 788; see Sunbelt Rentals, 521 F.3d at 315 ("[P]laintiffs must clear a high bar in order to satisfy the severe or pervasive test."). Viewing the amended complaint in the light most favorable to Carr, her

3

supervisor's alleged conduct is not sufficiently severe or pervasive to plausibly constitute a hostile work environment claim. See, e.g., Okoli, 648 F.3d at 220; Iskander v. Dep't of Navy, 116 F. Supp. 3d 669, 767–77 (E.D.N.C.), aff'd, 625 F. App'x 211 (4th Cir. 2015) (per curiam) (unpublished). Thus, the court dismisses the claim.

As for Carr's constructive discharge claim, the court dismisses the claim. A claim for constructive discharge requires a plaintiff to plausibly allege, in part, that her "working conditions [became] so intolerable that a reasonable person in the employee's position would have felt compelled to resign." Green v. Brennan, 578 U.S. 547, 555 (2016) (quotation omitted); see Pa. State Police v. Suders, 542 U.S. 129, 147 (2004); Major v. Cape Fear Acad., No. 7:19-CV-11-D, 2020 WL 3513243, at *5–6 (E.D.N.C. June 26, 2020) (unpublished); Boney v. Trs. of Cape Fear Cmty. Coll., 366 F. Supp. 3d 756, 763 (E.D.N.C. 2019). The standard to plausibly allege intolerable working conditions is higher than that for a hostile work environment claim. See Evans v. Int'l Paper Co., 936 F.3d 183, 193 (4th Cir. 2019). "[M]ere dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions" do not constitute objectively intolerable conditions. Heiko v. Colombo Sav. Bank, F.S.B., 434 F.3d 249, 262 (4th Cir. 2006) (quotation omitted). Moreover, "[b]ecause the claim of constructive discharge is so open to abuse by those who leave employment of their own accord, [the Fourth Circuit] has insisted that it be carefully cabined." Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 187 (4th Cir. 2004) (quotation omitted). Viewing the amended complaint in the light most favorable to Carr, Carr's constructive discharge claim fails for the same reasons her hostile work environment claim fails. Thus, the court dismisses the claim.

As for Carr's retaliation claim, the court denies the motion to dismiss. Establishing the prima facie case for Title VII retaliation "is not an onerous burden." Strothers v. City of Laurel, 895 F.3d

4

317, 335 (4th Cir. 2018). Taking Carr's allegations and all reasonable inferences drawn therefrom as true, Carr has "nudged [her] claim[] across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Thus, the court denies defendants' motion to dismiss Carr's retaliation claim. Whether the claim will survive defendants' inevitable motion for summary judgment is an issue for another day. Cf. Boone v. Goldin, 178 F.3d 253, 255–57 (4th Cir. 1999).

## II.

In sum, the court DENIES as moot defendants' motion to dismiss plaintiff's complaint [D.E. 8], GRANTS IN PART defendants' motion to dismiss plaintiff's amended complaint [D.E. 13] as to plaintiff's intentional discrimination, hostile work environment, and constructive discharge claims, and DENIES IN PART defendants' motion to dismiss plaintiff's amended complaint [D.E. 13] as to plaintiff's retaliation claim. The parties SHALL confer and file a discovery plan pursuant to Federal Rule of Civil Procedure 26.

SO ORDERED. This _1_ day of March, 2022.

JAMES C. DEVER III
United States District Judge

5